IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DOUGLAS W. HYDE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No.1:12-cv-02769-MHH |
| | ) |
| TIMOTHY A. McDANIEL, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM OPINION

This case arises out of the loan transaction between plaintiff Douglas W. Hyde and defendant Timothy A. McDaniel. Mr. Hyde contends that Mr. McDaniel defaulted on a promissory note and failed to perform under a subsequent forbearance agreement. Mr. Hyde has moved for summary judgment on his breach of contract claim. Mr. McDaniel has not responded to the motion. For the reasons stated below, the Court grants Mr. Hyde's summary judgment motion.

## I.     SUMMARY JUDGMENT STANDARD.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.Civ. P. 56(a). "If a party fails to . . . properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant

summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3). "The court should state on the record the reasons for granting or denying the motion." Fed. R. Civ. P. 56(a).

## II. STATEMENT OF UNDISPUTED FACTS

On August 26, 2009, Mr. Hyde and Mr. McDaniel executed a promissory note in conjunction with a $125,000.00 loan. (Doc. 6-2, ¶ 2). Mr. Hyde placed a true and correct copy of the note in the record. (Doc. 6-2, ¶2; Doc. 6-2, pp. 6-8). To secure the obligation, Mr. McDaniel and his wife, Debra A. McDaniel, granted Mr. Hyde a mortgage lien and security interest in certain real property located in Talladega County, Alabama. The property is described in a mortgage dated August 27, 2009, and recorded in the Probate Office of Talladega County, Alabama, at Mortgage Book 1317, Page 412. (Doc. 6-2, p. 1, ¶ 3). Mr. Hyde placed a true and correct copy of the mortgage in the record. (Doc. 6-2, pp. 10-15).

Mr. McDaniel failed to comply with the loan repayment schedule that appears in the promissory note. (Doc. 6-2, p. 2, ¶ 5; Doc. 6-2, p. 6). Consequently, Mr. Hyde accelerated the indebtedness due under the loan documents and, by letter dated September 26, 2011, demanded that Mr. McDaniel pay in full all the amounts

McDaniel owed under the loan documents, plus interest and costs of collection, including attorneys' fees. (Doc. 6-2, p. 2, ¶6; Doc. 6-2, pp. 6, 17-19).

Mr. Hyde and Mr. and Mrs. McDaniel subsequently executed a forbearance agreement. Mr. Hyde placed a true and correct copy of the November 1, 2011 forbearance agreement in the record. (Doc. 6-2, pp.3-4, ¶ 7; Doc. 6-2, pp. 21-30). Pursuant to that agreement, Mr. Hyde agreed to forebear from the exercise of his remedies under the loan documents until May 31, 2012, to allow Mr. McDaniel time to liquidate collateral so that McDaniel could repay the loan. Under the terms of the forbearance agreement, Mr. McDaniel agreed to make periodic payments during the forbearance term and to pay the loan in full by May 31, 2012. (Doc. 6-2, pp. 2-3, ¶ 7; Doc. 6-2, pp. 21-30).

Mr. McDaniel failed to make timely periodic payments pursuant to the terms of the forbearance agreement and failed to pay the full amount of the indebtedness owed under the loan documents by May 31, 2012. (Doc. 6-2, p. 3, ¶ 8). As of September 18, 2012, the total indebtedness owed under the loan is $132,754.05. That sum is comprised of a principal balance of $110,694.44, accrued interest of $16,874.45, and fees and late charges of $5,184.86. (Doc. 6-2, p. 3, ¶ 9).

In addition to the principal, interest and late charges for the loan, under the terms of the promissory note, Mr. McDaniel must pay the costs that Mr. Hyde has

incurred in pursuing collection of the amount due under the loan documents. Those costs include attorneys' fees and expenses which, as of September 18, 2012, totaled $8,792.35. (Doc. 6-2, p. 3, ¶ 10; Doc. 6-2, p. 7, ¶ 1; Doc. 6-3, ¶ 5).

On August 22, 2012, Mr. Hyde filed this action against Mr. McDaniel. (Doc. 1). In his complaint, Mr. Hyde alleges that Mr. McDaniel breached his contractual obligations. (Doc. 1, ¶¶ 17-18). Mr. Hyde asks the Court to enter judgment in his favor for the amount due under the loan and for interest, attorneys' fees, expenses, and court costs. (Doc. 1, p. 5). Mr. McDaniel denies Mr. Hyde's claims for relief. (Doc. 5).

On September 27, 2012, Mr. Hyde moved for summary judgment on his claims. He provided a brief in support of his motion. He also submitted two affidavits in support of the motion. (Docs. 6, 6-1, 6-2, and 6-3). The Court ordered Mr. McDaniel to file his opposition to the motion by October 29, 2012. (Doc. 8, p. 1). To date, Mr. McDaniel has not offered evidence or legal arguments in opposition to Mr. Hyde's summary judgment motion. The motion is now ripe for disposition. The parties have consented to dispositive jurisdiction by a magistrate judge. (Doc. 15).

**III.   DISCUSSION**

Mr. Hyde is entitled to summary judgment on his breach of contract claim. Alabama law governs this contract dispute.[1] Under Alabama law, to recover on a breach of contract claim, a plaintiff must establish, "(1) the existence of a valid contract binding the parties, (2) his own performance under the contract, (3) the defendant's nonperformance under the contract, and (4) resulting damages." *State Farm Fire & Cas. Co. v. William*, 926 So. 2d 1008, 1013 (Ala. 2005); *Salter v. Moseley*, 101 So. 3d 242, 245-46 (Ala. Civ. App. 2012)(same).

Mr. McDaniel generally denies all allegations of the complaint against him, but he has not challenged the validity of the loan and forbearance documents that Mr. Hyde placed in the record or the agreements' enforceability. In fact, Mr. McDaniel acknowledged his obligations under the loan documents when he executed the forbearance agreement in November 2011. The undisputed evidence in the record demonstrates that Mr. Hyde performed his obligations under his loan agreement with Mr. McDaniel, but Mr. McDaniel breached the promissory note and the forbearance

---

[1] *Eufaula Drugs, Inc. v. TDI Managed Care Servs.*, 250 F.R.D. 670, 680 (M.D. Ala. 2008) ("When a federal court decides a state law claim it applies the choice-of-law rules of the jurisdiction in which it sits. *Benchmark Med. Holdings, Inc. v. Rehab Solutions, LLC,* 307 F.Supp. 2d 1249, 1258-59 (M.D. Ala.2004) (Albritton, C.J.) (citing *Boardman Petroleum, Inc. v. Federated Mut. Ins. Co.,* 135 F.3d 750, 752 (11th Cir.1998)). In contractual disputes where the contract contains a choice of law provision, Alabama law requires the court to apply the law of the sovereign that the parties have chosen. *Stovall v. Universal Const. Co., Inc.,* 893 So.2d 1090, 1102 (Ala.2004)." The choice of law provision in the forbearance agreement states that Alabama law governs. (Doc. 6-2, p. 27).

agreement. (Doc. 6-2, pp. 1-3). Therefore, on the record before the Court, the obligations under the loan documents currently are due and payable in full.

## IV. CONCLUSION

Because no genuine issue of material fact exists, the Court grants Mr. Hyde's motion for summary judgment against Mr. McDaniel. By separate order, the Court will enter final judgment in favor of Mr. Hyde and against Mr. McDaniel in the minimum amount of $141,546.40, plus interest, costs and fees.

DONE this 17th day of May, 2013.

_____
MADELINE HUGHES HAIKALA
U.S. MAGISTRATE JUDGE